Paul R. **LOHNES**, Plaintiff

v.

**LEVEL 3 COMMUNICATIONS, INC.**, Defendant.

No. CIV. A. 99–12304–EFH.

United States District Court, D. Massachusetts.

March 26, 2001.

Robert E. McLaughlin, Gilman, McLaughlin & Hanrahan LLP, Boston, MA, for Paul R. Lohnes, Plaintiff.

Joseph E. Jones, Fraser, Stryker, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., Omaha, NE, Paul G. Lannon, Jr., Holland & Knight LLP, Boston, MA, for Level 3 Communications, Inc., Defendant.

### MEMORANDUM AND ORDER

HARRINGTON, Senior District Judge.

Defendant Level 3 Communications, Inc., has moved for summary judgment against Plaintiff Paul R. Lohnes, on all four counts of Plaintiff's Complaint which seeks an additional 8,541 shares of Level 3 Communications, Inc.'s common stock as a result of the defendants' decision to issue a two-for-one stock split. After hearing oral argument on the matter, this Court grants Defendant's Motion for Summary Judgment.

The sole issue in dispute is whether a two-for-one stock split issued in the form of a stock dividend constitutes a "capital reorganization" as that term appears in the stock warrant agreement between the parties. While neither party was able to cite a case directly on point, *Prescott, Ball & Turben v. LTV Corp.*, 531 F.Supp. 213, 219–20 (S.D.N.Y.1981), held that in the context of a trust indenture, capital reorganization "contemplate[d] an exchange or alteration in the existing ownership form of the interest held by [the corporation's] common shareholders before a particular transaction [could] be classified as a capital reorganization...." In granting summary judgment, the court in *Prescott* agreed that the stock distribution was simply a stock dividend issued exclusively to the corporation's shareholders, not a capital reorganization. *See id.* at 220. Further, Black's Law Dictionary defines "reorganization," in pertinent part, as a "[g]eneral term describing corporate amalgamations or readjustments occurring, for example, when one corporation acquires another in a merger or acquisition, a single corporation divides into two or more entities, or a corporation makes a substantial change in its capital structure." *Id.* at 1299 (6th ed.1990).

Applying those definitions, this Court rules that as a matter of law, a two-for-one stock split, as it occurred in this case, does not constitute a capital reorganization. Therefore, plaintiff is not entitled to any additional shares beyond the 8,541 he has already received.

Defendant's Motion for Summary Judgment is hereby granted.

SO ORDERED.